FILED

FEB 17 2009

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KABUSHIKI KAISHA HAYASHIBARA SEIBUTSU )<br>KAGUKU KENKYUJO )<br>2-3, Shimoishi 1-chome )<br>Okayama-shi )<br>Okayama, JAPAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HON. JOHN J. DOLL )<br>Acting Under Secretary of Commerce for Intellectual )<br>Property and Acting Director of the United States )<br>Patent and Trademark Office )<br>Madison Building )<br>600 Dulany Street )<br>Alexandria, VA 22314 )<br>)<br>Defendant. )<br>) | Case: 1:09-cv-00308<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 2/17/2009<br>Description: General Civil |

## COMPLAINT

Plaintiff Kabushiki Kaisha Hayashibara Seibutsu Kaguki Kenkyjo, for its complaint against defendant the Honorable John J. Doll, states as follows:

1. This is an action by the owner of United States Patent No. 7,414,038 seeking review of inaccurate and erroneous patent term adjustment calculations made by the United States Patent & Trademark Office ("PTO"). Specifically, this is an action by Plaintiffs under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 758 days calculated by the PTO for the '038 patent should be corrected to 1,309 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

### I. THE PARTIES

1

3. Plaintiff Kabushiki Kaisha Hayashibara Seibutsu Kaguku Kenkyujo ("Hayashibara") is a company operating under the laws of Japan. Hayashibara is located at 2-3, Shimoishi 1-chome, Okayama-shi, Okayama, Japan.

4. Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiffs pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and FRCP 6(a)(3).

## III. BACKGROUND

8. The '038 patent issued to Kazushi Kunugasa and Shinya Mandai on August 19, 2008, based on patent application number 10/148,971 which entered the national stage under 35 U.S.C. § 371 June 10, 2002. The '038 patent is attached hereto as Exhibit A.

9. Plaintiff Hayashibara is the assignee of the '038 patent, as evidenced by records recorded in the PTO, and is the real party in interest in this case.

10. When the USPTO issued the '038 patent on August 19, 2008, it erroneously calculated the entitled patent term adjustment for the '038 patent as 757 days. Had the USPTO calculated the entitled patent term adjustment properly, the '038 patent would be entitled to 1,309 days of patent term adjustment.

11. The errors in the USPTO's patent term adjustment calculations are detailed in a recent order from the U. S. District Court for the District of Columbia in an action titled *Wyeth v. Dudas*, Civil Action No. 07-1492 (D.D.C. Sept. 30, 2008) where the Court granted summary judgment against the USPTO, holding that the USPTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute. The *Wyeth v. Dudas* opinion is attached as Exhibit B.

12. The correct patent term adjustment methodology identified in the prior *Wyeth v. Dudas* action governs the USPTO's calculation of patent term adjustment for Plaintiffs '038 patent.

### IV. COUNT I: U.S. PATENT NO. 7,410,556

13. Plaintiff incorporates by reference the allegations in paragraphs 1-12 above, as if fully set forth herein.

14. During prosecution of the '038 patent, the patent owner accrued 757 days of patent term adjustment under 35 USC § 154(b)(1)(A), and accrued 640 days of patent term adjustment under 35 USC 154(b)(1)(B).

15. Under the PTO's interpretation of 35 USC § 154, all PTA accrued under 35 U.S.C. § 154(b)(1)(A) and all PTA accrued under 35 USC § 154(b)(1)(B) inherently overlaps and, thus, it has been the PTO position that a patent holder is only eligible for the larger of these two amounts of PTA, 758 days. For the '038 patent, the PTO erroneously limited the patent term adjustment for the '038 patent to 757 days (*see* calculation in paragraph 21, below), as shown on the face of the '038 patent.

16. In view of a recent decision from this Court (*Wyeth v. Dudas*, Civil Action No. 071492 (JR)), all days on which 35 USC 154(b)(1)(A) or 35 USC 154(b)(1)(B) apply should accrue patent term adjustment for the '038 patent.

17. Each day from the day after August 10, 2003 (14 months from the National Stage Entry) through to the issuance of a Non-Final Office Action on September 6, 2005, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), a total of 758 days.

18. Furthermore, each day from the day after June 10, 2005 (3 years from meeting all 35 USC 371 Requirements on National Stage entry of PCT application *PCT/JP01/08818)* through to the filing of a Request for Continued Examination on March 12, 2007, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(B), a total of 640 days.

19. Under the interpretation of this Court (*Wyeth v. Dudas,* Civil Action No. 07-1492 (JR)), the only period of actual calendar days overlap between the time periods of delay calculated under 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) is from June 10, 2005, until September 6, 2005, which amounts to 88 days, and the total PTO prosecution delay is accordingly 758 + 640 - 88 = 1,310 days, minus any period attributed to disclaimed term or applicant's delay 35 U.S.C. § (154(b)(2)(B) or (C).

20. Plaintiff agrees with the PTO's holding of a total applicant prosecution delay of 1 day under 35 USC 154(b)(2)(B) or *(C).*

21. Under the PTO's interpretation, the PTO had calculated an erroneous patent term adjustment of 758-1 = 757 days.

22. It is accordingly believed that the overall Patent Term Adjustment accrued by the patent holder is 1,310-1 = **1,309 days**, and the patent holder accordingly requests 1,309 - 757 = **552 ADDITIONAL days** of Patent Term Adjustment.

WHEREFORE, Plaintiff respectfully prays that this Court:

    A.    Issue an Order changing the period of patent term adjustment for the '038 patent term from 757 days to 1,309 days and requiring Defendant to alter the terms of the '038 patent to reflect the 1,309 days of actual patent term adjustment due the '038 patent.

B.      Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: February 17, 2009

> Respectfully submitted,
>
> KABUSHIKI KAISHA HAYASHIBARA
> SEIBUTSU KAGUKU KENKYUJO
>
> By: _/s/ Roger L. Browdy_
> Roger L. Browdy (DC Bar No. 164,251)
> Ronni S. Jillions (DC Bar No. 375,817)
> BROWDY AND NEIMARK, P.L.L.C
> 624 Ninth Street, N.W.
> Washington, DC 20001
> Tel.: (202) 628-5197
> Fax: (202) 737-3528
> Email: rlbrowdy@browdyneimark.com
>         rsjillions@browdyneimark.com
>
> Attorneys for Plaintiff

Address for mail:
BROWDY AND NEIMARK, P.L.L.C.
624 Ninth Street, NW
Washington, DC 20001
(202) 202-628-5197